UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**JAREMY ALEXANDER SMITH** | CR. NO.: 4:26-CR-00057<br><br>18 U.S.C. § 1201(a)(1)<br>18 U.S.C. § 2119(3)<br>18 U.S.C. § 1111<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(e)<br>18 U.S.C. § 924(j)<br>18 U.S.C. § 924(a)(2)<br>18 U.S.C. § 924(j)(1)<br>18 U.S.C. § 924(j)(2)<br>18 U.S.C. § 3591(a)<br>18 U.S.C. § 3591(a)(2)(A)<br>18 U.S.C. § 3591(a)(2)(B)<br>18 U.S.C. § 3591(a)(2)(C)<br>18 U.S.C. § 3591(a)(2)(D)<br>18 U.S.C. § 3592(c)(1)<br>18 U.S.C. § 3592(c)(2)<br>18 U.S.C. § 3592(c)(8)<br>18 U.S.C. § 3592(c)(9)<br>18 U.S.C. § 924(d)<br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(5)<br>28 U.S.C. § 2461<br><br>**<u>INDICTMENT</u>** |

FLORENCE, S.C.

THE GRAND JURY CHARGES:

That on or about March 13, 2024, the Defendant, JAREMY ALEXANDER SMITH, entered the residence of PHONESIA MACHADO-FORE in Marion, South Carolina, where he kidnapped her. SMITH forced MACHADO-FORE into her white BMW and used that vehicle to carry her to a remote location near Nichols, South Carolina, where SMITH used a 9mm firearm to execute MACHADO-FORE behind an abandoned house while she was bound and blindfolded. SMITH then drove MACHADO-FORE's white BMW back to her residence where he stole several

firearms that he later sold. SMITH then drove MACHADO-FORE's white BMW to the State of New Mexico, where he was located on March 15, 2024, having abandoned her vehicle on the side of the road. This conduct is in violation of the following federal statutes:

**<u>COUNT 1</u>**
**Kidnapping Resulting in Death**

THE GRAND JURY FURTHER CHARGES:

That on or about March 13, 2024, in the District of South Carolina, the Defendant, JAREMY ALEXANDER SMITH, unlawfully and willfully kidnapped, abducted, and carried away and held for some purpose and benefit PHONESIA MACHADO-FORE, and, in committing and in furtherance of the commission of the offense used a white BMW, a motor vehicle, a means, facility, and instrumentality of interstate and foreign commerce, resulting in the death of PHONESIA MACHADO-FORE;

In violation of Title 18, United States Code, Section 1201(a)(1).

**<u>COUNT 2</u>**
**Carjacking Resulting in Death**

THE GRAND JURY FURTHER CHARGES:

That on or about March 13, 2024, in the District of South Carolina, the Defendant, JAREMY ALEXANDER SMITH, intentionally and with intent to cause death or serious bodily injury, took a white BMW, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, from the presence of PHONESIA MACHADO-FORE, by force and violence, and by intimidation; resulting in the death of PHONESIA MACHADO-FORE;

In violation of Title 18, United States Code, Section 2119(3).

**COUNT 3**
**Using and Carrying a Firearm During and in Relation to a Crime of Violence in a manner that constitutes Murder**

THE GRAND JURY FURTHER CHARGES:

That on or about March 13, 2024, in the District of South Carolina, the Defendant, JAREMY ALEXANDER SMITH, knowingly used and carried a firearm during and in relation to a crime of violence which is prosecutable in a court of the United States, specifically, carjacking as charged in Count 2, and in the course of said offense caused the death of a person through the use of a firearm in such a manner as to constitute murder as defined in Title 18, United States Code, Section 1111, in that Defendant, JAREMY ALEXANDER SMITH, with malice aforethought did unlawfully kill PHONESIA MACHADO-FORE by shooting her with a firearm, willfully, deliberately, maliciously, and with premeditation;

All in violation of Title 18, United States Code, Sections 924(j)(1) and 924(j)(2).

**COUNT 4**
**Felon in Possession of Firearms**

THE GRAND JURY FURTHER CHARGES:

That on or about March 13, 2024, in the District of South Carolina, the Defendant, JAREMY ALEXANDER SMITH, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, including:

a. a Ruger, Model M77, .243 caliber bolt action rifle,

b. a Marlin, Model XT-22, .22 magnum caliber bolt action rifle,

c. a New England Firearms, Model SB1, .410-gauge single barrel shotgun,

d. a Marlin, Model 30A, .30/30 caliber lever action rifle,

e. a Mossberg, Model 500, 20-gauge pump action shotgun, and

f. a Mossberg, Model 88, 12-gauge pump action shotgun,

Each of which had travelled in and affected interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## COUNT 5
**Possession of Stolen Firearms**

THE GRAND JURY FURTHER CHARGES:

That from on or about March 13, 2024, in the District of South Carolina, the Defendant, JAREMY ALEXANDER SMITH, knowingly possessed stolen firearms, including:

a. a Ruger, Model M77, .243 caliber bolt action rifle,

c. a Marlin, Model XT-22, .22 magnum caliber bolt action rifle,

d. a New England Firearms, Model SB1, .410-gauge single barrel shotgun,

e. a Marlin, Model 30A, .30/30 caliber lever action rifle,

f. a Mossberg, Model 500, 20-gauge pump action shotgun, and

g. a Mossberg, Model 88, 12-gauge pump action shotgun,

Each of which had travelled in and affected interstate and foreign commerce, knowing and having reasonable cause to believe that these firearms were stolen;

In violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

**NOTICE OF SPECIAL FINDINGS PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3591 AND 3592**

THE GRAND JURY FURTHER FINDS:

1) As to Counts 1, 2, and 3, the Defendant, JAREMY ALEXANDER SMITH:

   a) was 18 years of age or older at the time of the offenses charged (Title 18, United States Code, Section 3591(a));

   b) intentionally killed PHONESIA MACHADO-FORE (Title 18, United States Code, Section 3591(a)(2)(A));

   c) intentionally inflicted serious bodily injury that resulted in the death of PHONESIA MACHADO-FORE (Title 18, United States Code, Section 3591(a)(2)(B));

   d) intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and PHONESIA MACHADO-FORE died as a direct result of such act (Title 18, United States Code, Section 3591(a)(2)(C));

   e) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and PHONESIA MACHADO-FORE died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

   f) caused PHONESIA MACHADO-FORE's death, or injury resulting in death, during the commission or attempted commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (Kidnapping) (Title 18, United States Code, Section 3592(c)(1));

g) committed the offense in the expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8));

h) committed the offense after substantial planning and premeditation (Title 18, United States Code, Section 3592(c)(9)); and

i) has been previously convicted of a violent felony involving a firearm which is punishable by a term of imprisonment of more than one year (Title 18, United States Code, Section 3592(c)(2)).

## FORFEITURE

FIREARM OFFENSES:

Upon conviction for one or more felony violations of Title 18, United States Code, Sections 922 and 924 as charged in this Indictment, the Defendant, JAREMY ALEXANDER SMITH, shall forfeit to the United States all of the Defendant's rights, title, and interest in and to any firearms and ammunition (as defined in 18 U.S.C. § 921) involved in or used in any knowing violation of 18 U.S.C. §§ 922, 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence.

KIDNAPPING /CARJACKING INTERSTATE TRANSPORTATION OF STOLEN VEHICLE:

Upon conviction for violation of Title 18, United States Code, Sections 1201, 2312 and 2119, the Defendant, JAREMY ALEXANDER SMITH, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained, directly or indirectly, as a result of such offenses and any firearms used or intended to be used to facilitate the offenses.

PROPERTY:

Pursuant to 18 U.S.C. §§ 924(d)(1), 982(a)(5), 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the violations charged in this Indictment includes, but is not limited to, the following:

A. Cash Proceeds / Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violations of Title 18.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture to the United States, as a result of any act or omission of a Defendant,

(1) Cannot be located upon the exercise of due diligence;
(2) Has been transferred or sold to, or deposited with a third party;
(3) Has been placed beyond the jurisdiction of the Court;
(4) Has been substantially diminished in value; or
(5) Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), 982(a)(5), and Title 28, United States Code, Section 2461(c).

A True Bill

[redacted]
FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: ______________________
Everett McMillian
Assistant United States Attorney
401 W. Evans Street, Suite 222
Florence, S.C. 29501

Christopher Lietzow
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, S.C. 29401